No. 32,565

CHARLES HENRY LAFLER, *Appellee,* v. THE MIDWEST LIFE AND CASUALTY ASSOCIATION (Revived in the Name of JOHN H. LINN, Receiver), *Appellant.*

(53 P. 2d 801)

Opinion filed January 25, 1936.

*W. A. Dumars,* of Topeka, for the appellant.
*James L. Haley,* of Sabetha, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover on an accident and health insurance policy, and from a judgment in favor of the plain-

tiff the defendant appeals. Its assignments of error are that the trial court erred in overruling its demurrer to plaintiff's evidence, in not giving a requested instruction to the jury, and in denying its motion for a new trial.

Appellant in its abstract makes no statement that plaintiff failed to prove any element of his case. It prints verbatim about three pages of questions and answers with reference to a transcript, from which references we learn there were at least forty pages of plaintiff's oral testimony in the transcript. We are left to surmise what the unabstracted portions contained.

After the defendant offered its proof, the jury rendered its verdict in favor of plaintiff and answered four special questions favorably to him. There was no motion to set aside any answer as being unsupported by or contrary to the evidence. For aught the record shows, if there was any defect in plaintiff's proof it was cured by defendant's evidence. It has not been made to appear the trial court erred in ruling on the demurrer to plaintiff's evidence.

There is no showing as to what instructions the court gave the jury. The absence of an abstract makes it impossible for us to determine whether the requested instruction should have been given in any case, or whether if proper, the substance of it was not included in the instructions given.

The motion for a new trial covers every statutory ground, and we are left to assume that the grounds urged to the trial court were the ruling on the demurrer and the refusal to give the requested instruction to the jury. If so, it has not been made to appear the trial court erred in denying the motion.

The judgment of the trial court is affirmed.